**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| Ka.D., a minor, by her mother, Ky.D., as her next friend; Ky.D. and B.D., <br><br> Plaintiffs-counter-defendants- Appellees/Appellants, <br><br> v. <br><br> MARY ELLEN NEST, <br>         Defendant, <br><br> and <br><br> SOLANA BEACH SCHOOL DISTRICT, <br><br>         Defendant- counter- <br>         claimants- Appellant/ <br>         Appellee. | Nos. 10-56320; 10-56373 <br><br> D.C. No. 3:08-cv-0622-W-WVG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge

Argued and submitted February 17, 2012
Pasadena, California

Before:     FARRIS and W. FLETCHER, Circuit Judges, and KORMAN,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Senior District Judge.[**]

The cross appeals in this case arise out of the district court's order affirming an administrative decision under the Individuals with Disabilities Education Act ("IDEA"). Because the history and facts of this case are familiar to the parties, we recount them only to the extent necessary to explain our decision.

The Solana Beach School District ("School District" or "District") offered Ka.D. ("Student"), who is autistic, a placement for the 2007-2008 school year after conducting a meeting to develop an individualized education program ("IEP") for her. After providing notice to the District, the Student's parents chose to place her at Hanna Fenichel, a private general education school serving typically developing children, and sought tuition reimbursement under the IDEA.

A due process hearing under the IDEA, 20 U.S.C. §1415(f), then ensued. The administrative law judge ("ALJ") determined that the School District had failed to provide the Student with a free and appropriate public education ("FAPE"), and that the Hanna Fenichel placement was appropriate. These two findings provided the necessary predicate for the parents to qualify for reimbursement of their unilateral

---

[**]     The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

placement.  *Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 15 (1993).  The district court affirmed, and this appeal followed.

We review the district court's findings of fact for clear error even when they are based on the written record of administrative proceedings, and the issue of whether the School District's placement of the Student constituted a FAPE *de novo.  Ms. S. ex rel. G. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1127 (9th Cir. 2003), *superseded on other grounds by* 20 U.S.C. § 1414(d)(1)(B); *Amanda J. ex rel. Annette J. v. Clark Cnty Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001).  Because the district court exercises "its discretion in fashioning appropriate relief" under the IDEA, we review for "abuse of discretion the district court's determination of appropriate equitable relief."  *Forest Grove Sch. Dist. v. T.A.*, 523 F.3d 1078, 1084-85 & n.7 (9th Cir. 2008).

Under the IDEA, a child receives a FAPE "if the program (1) addresses the child's unique needs, (2) provides adequate support services so the child can take advantage of the educational opportunities, and (3) is in accord with the [IEP]."  *Capistrano Unified Sch. Dist. v. Wartenberg ex rel. Wartenberg*, 59 F.3d 884, 893 (9th Cir. 1995) (citing *Bd. of Educ. v. Rowley*, 458 U.S. 176, 188-89 (1982)).  This case is close.  Specifically, the principal issue in the formulation of the IEP was whether the Student should remain at Hanna Fenichel, where she had made substantial

and impressive progress or whether she should be placed in a special education classroom in the District.

Although Dr. Schreibman, the District's outside evaluator,[1] recommended special education, she "strongly believe[d] that if things continue to progress as they seem to be doing with" the Student, "she would be able to transition relatively quickly from the special education classroom to a more inclusive program." The problem, however, was that the District's more inclusive general education classroom did not meet the Student's unique needs because she required a program with a smaller number of children. (Dr. Schreibman testified that she did not "see [the Student] as anywhere near ready for the inclusive classroom at Solana Beach Schools because [she] do not think [the student was] ready to handle a classroom with a large number of peers.")

Indeed, although Dr. Schreibman assumed that the District's general education class contained 24 students, the District's placement required the Student to interact with about 42 children, counting the different core group of students that attended the general education class on different days (about 30) and the children from her special education class. Presumably, because the Student could not handle a class with a large number of peers, Dr. Schreibman observed that ideal program for her would be

_____

[1] Dr. Schreibman is a professor at the University of California, San Diego, who is an autism specialist.

a combination of the District's special education class and a program like the Hanna Fenichel school, which was composed of only 6 to 8 children. Nevertheless, the District offered a bifurcated placement, which included a half-day placement in its general education class. We agree with the ALJ's determination that the District's general education class was an inappropriate education setting for the Student, and therefore, the District's offer substantively failed to provide a FAPE.

Turning to the parental placement, there is no question that Hanna Fenichel with the support of a 1:1 aide met the Student's unique needs, and she benefitted from her instruction. *C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist.*, 635 F.3d 1155, 1159-60 (9th Cir. 2011) ("To qualify for reimbursement under the IDEA, parents . . . need only demonstrate that the placement provides educational instruction specially designed to meet the unique needs of a handicapped child, supported by such services as are necessary to permit the child to benefit from instruction.") (quoting *Frank G. v. Bd. of Educ.,* 459 F.3d 356, 365 (2d Cir. 2006)) (emphasis omitted).

Finally, we agree with the district court that it was not an abuse of discretion to grant the District 30 days to provide a 1:1 aide to the Student at Hanna Fenichel. In sum, the record fully supports the ALJ's and district judge's conclusion and granting of equitable relief, and we find the parties' remaining contentions on appeal unpersuasive.

**AFFIRMED.**